ORIGINAL

FILED IN OPEN COURT
U.S.D.C. - Atlanta

MAY 10 2022

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CARL DELANO TORJAGBO,<br>a/k/a KARL LUCIUS DELANO | CRIMINAL INDICTMENT<br><br>1 22-CR-171<br><br>**UNDER SEAL** |

**THE GRAND JURY CHARGES THAT:**

### COUNT 1
### BANK FRAUD

1. Beginning in or about January 2021 and continuing through at least in or about March 2021, in the Northern District of Georgia and elsewhere, the Defendant,

**Carl Delano Torjagbo, a/k/a Karl Lucius Delano,**

aided and abetted by others, knowingly executed and attempted to execute a scheme and artifice to defraud JPMorgan Chase Bank, National Association ("Chase Bank"), a financial institution as defined in 18 U.S.C. § 20, and to obtain moneys and funds owned by and under the custody and control of Chase Bank, by means of materially false and fraudulent pretenses, representations, and promises, and by the omission of material facts.

2. The object of this scheme was for Defendant Torjagbo to unjustly enrich himself at the expense of Chase Bank.

3. Chase Bank participated as a lender in the Paycheck Protection Program ("PPP"), which was designed to help small businesses survive the COVID-19 pandemic by providing them with funds to cover certain payroll costs, including benefits, interest on mortgages, rent, and utilities.

4. To be eligible for a PPP loan, a business had to have been "in operation on February 15, 2020."

5. Kremkov Industries LLC ("Kremkov Industries") is a Georgia company organized by Defendant Torjagbo on or about January 4, 2021, approximately 10 months *after* the PPP-eligibility date had expired.

6. Kremkov Industries was not eligible for a PPP loan because it was not "in operation on February 15, 2020."

7. Kremkov Industries never conducted any legitimate business. And it never paid wages to employees because it had no employees.

8. Nevertheless, on or about February 16, 2021, Defendant Torjagbo signed a PPP loan application on behalf of Kremkov Industries and submitted it to Chase Bank, requesting a PPP loan of $9,554,425.

9. Defendant Torjagbo swore that the information he provided in the application and in all supporting documents and forms was "true and accurate in all material respects."

10. On the application, Defendant Torjagbo stated that Kremkov Industries was "in operation on February 15, 2020." That was not true.

11. On the application, Defendant Torjagbo stated that a PPP loan was necessary to support the "ongoing operations" of Kremkov Industries. That was not true.

12. On the application, Defendant Torjagbo stated that Kremkov Industries had 493 employees. That was not true.

13. On the application, Defendant Torjagbo stated that Kremkov Industries had an average monthly payroll of $3,821,770. That was not true either.

14. When he signed the PPP loan application and submitted it to Chase Bank, Defendant Torjagbo knew and had reason to know that the application contained materially false and fraudulent representations.

15. In support of the PPP loan application, Defendant Torjagbo submitted fraudulent documents to Chase Bank, including false tax returns (IRS Forms 940, 941, and 1040) and fake reports that listed the names and make-

believe payroll information of 493 people who allegedly worked for Kremkov Industries.

16. On or about March 29, 2021, as a result of Defendant Torjagbo's materially false and fraudulent representations, Chase Bank transferred $9,554,425 in PPP loan proceeds to Defendant Torjagbo's custody and control.

All in violation of Title 18, United States Code, Section 1344 and Section 2.

### COUNTS 2 THROUGH 4
### CONCEALMENT MONEY LAUNDERING

17. The facts alleged in paragraphs 2-16 are incorporated here.

18. The PPP loan proceeds were initially deposited into Chase Bank account #8755, titled in the name of Kremkov Industries. Immediately before that deposit, the balance in that account was only $105.00.

19. On the PPP loan application, Defendant Torjagbo certified that "[a]ll loan proceeds [would] be used only for business-related purposes as specified in the loan application and consistent with the Paycheck Protection Program Rules."

20. Defendant Torjagbo acknowledged that he could be prosecuted if the PPP loan proceeds were "knowingly used for unauthorized purposes."

21. Defendant Torjagbo knowingly used the PPP loan proceeds for unauthorized purposes.

22. On or about April 8, 2021, Defendant Torjagbo caused $3 million of the PPP loan proceeds to be transferred by check from Chase Bank account #8755, titled in the name of Kremkov Industries, to PNC Bank, National Association ("PNC") account #9499, titled in the name of Kremkov Industries. On that check, Defendant Torjagbo wrote a note stating that it was for "payroll." But those funds were not used to pay "payroll" expenses incurred by Kremkov Industries. Instead, those funds were used to pay Defendant Torjagbo's personal debts and expenses.

23. On or about July 29, 2021, Defendant Torjagbo filed a petition to change his name to Karl Lucius Delano.

24. On or about August 17, 2021, Defendant Torjagbo created a Wyoming company called FlyingJack freight& Logistics LLC ("FlyingJack").

25. On or about August 26, 2021, Defendant Torjagbo opened Bank of America account #1199, titled in the name of FlyingJack.

26. Defendant Torjagbo used bank fraud proceeds to pay startup expenses incurred by FlyingJack.

27. Defendant Torjagbo used bank fraud proceeds to purchase trucks and trailers in the name of FlyingJack.

28. Defendant Torjagbo used bank fraud proceeds to purchase real property in the name of Karl Lucius Delano.

29. Defendant Torjagbo caused bank fraud proceeds to be deposited into the following bank accounts:

   - Chase Bank account #8755, titled in the name of Kremkov Industries;
   - PNC account #9499, titled in the name of Kremkov Industries;
   - PNC account #9814, titled in the name of Carl Torjagbo;
   - PNC account #9822, titled in the name of Carl Torjagbo;
   - PNC account #9849, titled in the name of Carl Torjagbo; and
   - Bank of America account #1199, titled in the name of FlyingJack.

30. Defendant Torjagbo used online transfers between accounts, wire transfers, checks, cashier's checks, debit cards, credit cards, and cash withdrawals to conceal and disguise the nature, location, source, ownership, and control of the bank fraud proceeds, and to convert the bank fraud proceeds to his own use.

31. On or about each date set forth below, in the Northern District of Georgia and elsewhere, the Defendant,

**Carl Delano Torjagbo, a/k/a Karl Lucius Delano,**

aided and abetted by others, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, conducted and attempted to conduct a financial transaction, which in fact involved the proceeds of specified unlawful activity, namely, bank fraud in violation of Title 18, United States Code, Section 1344, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity:

| Count | Date | Payment Amount & Method | From | To | For |
|---|---|---|---|---|---|
| 2 | check dated 04/08/21 | $3,000,000 check | Chase Bank account #8755, titled in name of Kremkov Industries | PNC account #9499, titled in name of Kremkov Industries | "payroll" |

| Count | Date | Payment Amount & Method | From | To | For |
|---|---|---|---|---|---|
| 3 | 10/27/21 | $91,076.66 wire transfer | PNC account #9849, titled in name of Carl Torjagbo | Cadence Bank, NA account #4138, titled in name of North Atlanta Law Group, P.C. | Karl Lucius Delano's purchase of Tract 4, part of tax parcel C056-0857-003, now known as tax parcel C056-0857-006 |
| 4 | 03/07/22 | $150,005.13 wire transfer | Bank of America account #1199, titled in name of FlyingJack | Truist Bank account #0104, titled in name of Ganek PC | FlyingJack's purchase of 101 Holt Drive, Acworth, GA |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i) and Section 2.

## COUNTS 5 THROUGH 7
## TRANSACTIONAL MONEY LAUNDERING

32. The facts alleged in paragraphs 2-16, 18-22, and 29-30 are incorporated here.

33. On or about each date set forth below, in the Northern District of Georgia and elsewhere, the Defendant,

**Carl Delano Torjagbo, a/k/a Karl Lucius Delano,**

aided and abetted by others, knowingly engaged in and attempted to engage in a monetary transaction by, through, and to a financial institution, affecting interstate commerce, knowing that such transaction involved criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, bank fraud in violation of Title 18, United States Code, Section 1344:

| Count | Date | Payment Amount & Method | From | To | For |
|---|---|---|---|---|---|
| 5 | 05/28/21 | $1,660,861.01 wire transfer | PNC account #9849, titled in name of Carl Torjagbo | First-Citizens Bank & Trust Company account #7370, titled in name of O'Kelley & Sorohan | 5114 Greythorne Lane, Marietta, GA |

| Count | Date | Payment Amount & Method | From | To | For |
|---|---|---|---|---|---|
| 6 | 08/06/21 | $87,020 wire transfer | PNC account #9849, titled in name of Carl Torjagbo | Bank of America account #0174, titled in name of Niello Imports II, Inc. | 2021 Land Rover Velar, VIN: SALYM2FU7MA302651 |
| 7 | 01/24/22 | $115,250.79 cashier's check | Bank of America account #1199, titled in name of FlyingJack | Global Imports BMW LLC | 2022 BMW M850XL, VIN: WBAGV8C06NCH96608 |

All in violation of Title 18, United States Code, Section 1957 and Section 2.

## FORFEITURE PROVISION

34. Upon conviction of the offense alleged in Count 1 of this Indictment, the Defendant, Carl Delano Torjagbo, a/k/a Karl Lucius Delano, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violation, including, but not limited to, the following:

(a)  MONEY JUDGMENT:

   (1)  A sum of money in United States currency representing the amount of proceeds obtained as a result of each offense for which the Defendant is convicted.

(b)  REAL PROPERTY:

   (1)  5114 Greythorne Lane, Marietta, Cobb County, Georgia 30068, and all buildings and appurtenances thereto.

   (2)  101 Holt Drive, Acworth, Cobb County, Georgia 30101, and all buildings and appurtenances thereto.

   (3)  0 Scott Road, Forest Park, Clayton County, Georgia 30297, and all buildings and appurtenances thereto.

   (4)  Tract 4 Fiber Drive, Cartersville, Bartow County, Georgia 30120, and all buildings and appurtenances thereto.

   (5)  7526 Echo Pines Drive, Humble, Harris County, Texas 77346, and all buildings and appurtenances thereto.

35. Upon conviction of one or more of the offenses alleged in Counts 2 through 7 of this Indictment, the Defendant, Carl Delano Torjagbo, a/k/a Karl Lucius Delano, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), all property, real or personal, involved in such offenses, and all property traceable to such offenses, including but not limited to the following:

   (a) MONEY JUDGMENT:

       (1) A sum of money in U.S. currency representing the value of the property involved in the offenses for which the Defendant is convicted.

   (b) REAL PROPERTY:

       (1) 5114 Greythorne Lane, Marietta, Cobb County, Georgia 30068, and all buildings and appurtenances thereto.

       (2) 101 Holt Drive, Acworth, Cobb County, Georgia 30101, and all buildings and appurtenances thereto.

       (3) 0 Scott Road, Forest Park, Clayton County, Georgia 30297, and all buildings and appurtenances thereto.

       (4) Tract 4 Fiber Drive, Cartersville, Bartow County, Georgia 30120, and all buildings and appurtenances thereto.

       (5) 7526 Echo Pines Drive, Humble, Harris County, Texas 77346, and all buildings and appurtenances thereto.

36. If, as a result of any act or omission of the Defendant, any property subject to forfeiture (a) cannot be located upon the exercise of due diligence; (b)

has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the Defendant up to the value of the forfeitable property described above.

A _____True_____ BILL

_____/s/_____
FOREPERSON

Ryan K. Buchanan
UNITED STATES ATTORNEY

John Russell Phillips
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 576335

600 U.S. Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303
(404) 581-6000